UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YESSUH SUHYES HUSSEY,

                Plaintiff,                              **23 CV 2151 (PKC)(LB)**
                                                                       **23 CV 2158 (PKC)(LB)**
                                                                       **23 CV 2160 (PKC)(LB)**

        -against-

CORRECTION OFFICER KRISTINA SQUARE,
CORRECTION OFFICER KWABENA KUDAWOO,
ADAM LITROFF, M.D.,

                Defendant.
------------------------------------------------------------------X
YESSUH SUHYES HUSSEY,

                Plaintiff,                              **23 CV 2153 (PKC)(LB)**
                                                                       **23 CV 2166 (PKC)(LB)**

        -against-

1101 BRIGNOL, Emergency Search Unit Member,
and 11562 MITCHELL, Emergency Search Unit Member,

                Defendants.
------------------------------------------------------------------X
YESSUH SUHYES HUSSEY,

                Plaintiff,                              **23 CV 2152 (PKC)(LB)**
        -against-

3 JOHN DOES OF ESU,

                Defendants.
------------------------------------------------------------------X
YESSUH SUHYES HUSSEY,

                Plaintiff,                              **23 CV 2156 (PKC)(LB)**
        -against-

OFFICERS KORBEN FOLK; JANINE SINGLETON;
ADNAN MUGHAL; and SGT. SHAPIRO LECORPS,

                Defendants.
------------------------------------------------------------------X

# REPORT & RECOMMENDATION

**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff filed these seven civil rights actions against various defendants while incarcerated on Riker's Island on February 16, 2023.[1] Since July 2023, plaintiff has failed to appear at two Court-ordered conferences and has not responded to multiple Court Orders. Plaintiff has apparently abandoned these cases. It is respectfully recommended pursuant to 28 U.S.C § 636(b) that the Court should dismiss these cases without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

### I.    23-CV-2151 and 23-CV-2153

Plaintiff moved for leave to proceed *in forma pauperis* on April 10, 2023. ECF Nos. 4. On May 11, 2023, the Court consolidated three cases into docket number 23-CV-2151[2] and two cases into docket number 23-CV-2153.[3] ECF Nos. 5. The Court also granted plaintiff's request to proceed *in forma pauperis*, dismissed the claims brought against his fellow inmates in 23-CV-2151, and directed the United States Marshal Service (USMS) to serve defendants.[4] ECF Nos. 5.

In June and July 2023, plaintiff filed two letters with the Court in 23-CV-2151. Plaintiff's

---

[1] Plaintiff filed a total of 43 actions on that date. The Court transferred 16 actions to the United States District Court for the Southern District of New York, and dismissed the remaining 20 actions pursuant to 28 U.S.C. § 1915 without leave to amend. In dismissing the actions, the Court warned plaintiff that "the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court." See, e.g., 23-CV-1779(PKC)(LB), ECF No. 5 at 4.
[2] These three complaints allege that corrections officers failed to protect plaintiff from other inmates on Rikers Island, and that plaintiff did not receive proper medical care for his injuries.
[3] These two complaints allege that the same two Rikers Island corrections officers used excessive force against plaintiff on two occasions.
[4] The summonses were initially returned unexecuted in both actions. ECF Nos. 7. The Court directed the Corporation Counsel of the City of New York ("Corporation Counsel") to ascertain defendants' names and service addresses pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam). ECF Nos. 8. Corporation Counsel responded to the Court's Valentin Order in both actions in July 2023, and the USMS was directed to serve defendants.

2

June 29, 2023 letter requested the production of documents such as "log books . . . videos, images, and video recordings." ECF No. 10. The Court denied plaintiff's request for discovery as premature and notified defendants that if the requested materials exist, they should be preserved. ECF No. 11. Plaintiff's July 24, 2023 letter informed the Court of his "intention to sue" numerous other defendants for various related claims. ECF No. 14. The Court advised plaintiff that he must either move to amend his complaint or file a separate action to raise these claims, as they were not contained in his complaint and the time to amend as of right had passed. See ECF Order dated August 2, 2023. Plaintiff has not communicated with the Court since this July 24, 2023 letter.

Defendants answered plaintiff's complaints on October 6 and 10, 2023. 23-CV-2153, ECF Nos. 17-18; 23-CV-2151, ECF No. 26. The Court scheduled a joint initial conference in both actions on October 25, 2023.[5] ECF No. 27. Copies of the Court's scheduling Orders were sent to plaintiff on Rikers Island, as well as to the two other addresses plaintiff had provided to the Court: a Brooklyn, New York address and a Laurel, Maryland address.

Plaintiff did not appear at the initial conference on October 25 and did not contact the Court or opposing counsel to request an adjournment. Corporation Counsel appeared at the conference and informed the Court that plaintiff had recently been released from incarceration. The Court ordered plaintiff to show good cause in writing for his failure to appear and scheduled another telephone conference on November 29, 2023. Copies of the Order were sent to plaintiff's Brooklyn and Maryland addresses. The Court also sent a courtesy copy to an email address that plaintiff had provided to the Assistant Corporation Counsel on the case: businessempire838771@outlook.com.

---

[5] The Court directed the Warden of the Eric M. Taylor Center on Rikers Island to make plaintiff available for the conference call, as the Court believed plaintiff was still incarcerated at the time.

Plaintiff did not respond to the Court's Order to show cause for his failure to appear at the October 25 conference, nor did he appear at the November 29, 2023 conference. Copies of the Court's Orders from September 5, 2023 onwards sent to plaintiff's Maryland address were returned to the Court as undeliverable. 23-CV-2151, ECF No. 19. The Court's Orders sent to plaintiff's Brooklyn address were presumably delivered.

## II.     23-CV-2152 and 23-CV-2156

Plaintiff moved for leave to proceed *in forma pauperis* in these actions on April 10, 2023. ECF Nos. 4. The Court granted plaintiff leave to proceed *in forma pauperis* and directed Corporation Counsel to ascertain the unidentified defendants' names and service addresses. ECF Nos. 5.

The Court granted Corporation Counsel three extensions of time[6] to comply with the Valentin Order in 23-CV-2152; the current deadline is December 15, 2023. ECF Nos. 10, 14, 17. Corporation Counsel noted in its request for a second extension that plaintiff was released from custody on October 5, 2023 and had not responded to a letter sent to plaintiff's last known address. 23-CV-2152, ECF No. 13. On October 17, 2023, the Court ordered plaintiff to immediately confirm his current address in writing, and warned plaintiff that if the Court's Order is returned as undeliverable and plaintiff does not provide his current address by November 10, 2023, I shall recommend that the case should be dismissed. The Court also directed Corporation Counsel to confirm with the Department of Correction whether it had a different address for plaintiff than the Brooklyn address on file with the Court. Corporation Counsel confirmed that

---

[6] The Court's initial Valentin Orders directed Corporation Counsel to respond by June 12, 2023. ECF Nos. 5. On July 7, 2023, the Court notified Corporation Counsel that it failed to timely respond to the Court's Valentin Order and directed Corporation Counsel to respond by August 4, 2023. ECF Nos. 6. After Corporation Counsel again failed to timely respond, the Court issued a third Order on August 15, 2023 directing Corporation Counsel to respond by September 15, 2023. ECF Nos. 7.

the Brooklyn address was plaintiff's only address on file with the Department of Correction. ECF No. 15.

In 23-CV-2156, Corporation Counsel identified the John and Jane Doe defendants, ECF No. 9, and the USMS returned the summonses executed. ECF Nos. 16, 24. On October 17, 2023, the Court issued the same Order as in 23-CV-2152, directing plaintiff to provide his current address to the Court by November 10, 2023 and warning that failure to do so would result in dismissal of this case. ECF No. 21. Plaintiff did not respond to the Court's Orders to provide his current address. Copies of the Court's Orders sent to the Maryland address were again returned as undeliverable. On December 4 and 13, 2023, defendants requested that the Court *sua sponte* dismiss docket numbers 23-CV-2156 and 23-CV-2152 due to plaintiff's abandonment of the cases. 23-CV-2156, ECF No. 29; 23-CV-2152, ECF No. 19.

## DISCUSSION

"[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case. Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citing Minotti v. Lensink, 895 F.2d 100, 102 (2d Cir. 1990)). When a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a case *sua sponte* for failure to prosecute." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). The power of a district court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962)).

5

      A court considering dismissal for failure to prosecute must consider five factors:

      [W]hether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. at 576 (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke v. Nirvana, 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020), report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020).[7] District Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id.

      Plaintiff's failure to prosecute these actions warrants dismissal. Other than filing two letters over six months ago, plaintiff has failed to take any action to prosecute these actions since filing the lawsuits. Courts may presume that a plaintiff's unreasonable delay prejudices defendants. Sessoms on behalf of V.C. v. Comm'r of Soc. Sec., No. 21-CV-1788 (RPK), 2022 WL 511646, at *2 (E.D.N.Y. Feb. 21, 2022).

      In docket numbers 23-CV-2151 and 23-CV-2153, plaintiff failed to appear at two Court-ordered conferences on October 25 and November 29, 2023.[8] The Court explicitly warned plaintiff that if he failed to show cause why he did not appear at the October 25 conference, or if he failed to attend the Court conference on November 29, 2023, I shall recommend that the cases be dismissed. Despite this warning, plaintiff did not respond to the Order to show cause and failed to appear at the November 29, 2023 conference. When a plaintiff fails to respond once

---

[7] The Clerk of Court is respectfully directed to send plaintiff copies of all unreported cases cited herein.
[8] While copies of the Court's scheduling Orders were returned as undeliverable to plaintiff's Maryland address, the Orders sent to plaintiff's Brooklyn address were not. The Court also sent a courtesy copy of the Order scheduling the November 29, 2023 conference to plaintiff at an email address plaintiff had provided to the Office of the Corporation Counsel.

threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Moreover, in docket numbers 23-CV-2152 and 23-CV-2156, plaintiff failed to provide his current address, despite the Court's warnings that such failure would result in dismissal. "[T]he demand that a plaintiff provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." Edwards v. Stevens, No. 11-CV-7329, 2012 WL 3597663, at *2 (S.D.N.Y. Aug. 22, 2012) (internal quotation marks and citation omitted). Indeed, because an action cannot proceed without the Court knowing plaintiff's current address, courts have repeatedly held that a plaintiff's "failure to maintain such an address with the Court" is a sufficient ground to dismiss without prejudice for failure to prosecute. Pratt v. Behari, No. 11-CV-6167, 2012 WL 1021660, at *1 (S.D.N.Y. Mar. 26, 2012) (involving a plaintiff who was released from custody). Dismissal without prejudice properly balances the need to decongest the Court's calendar with *pro se* plaintiff's right to due process, including the "special leniency regarding procedural matters" afforded to *pro se* litigants. Sessoms, 2022 WL 511646 at *2 (quoting LeSane, 239 F.3d at 209).

## CONCLUSION

Accordingly, it is respectfully recommended that these actions should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be

filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. <u>Marcella v. Capital Dist. Physician's Health Plan, Inc.</u>, 293 F.3d 42 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

SO ORDERED.

                                                /S/
                                  LOIS BLOOM
                                  United States Magistrate Judge

Dated: December 15, 2023
      Brooklyn, New York